IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DONNA CARROLL, | ) |
|       Plaintiff, | ) ) ) ) Civil Action No. 3:22 cv 001 |
| v. | ) ) |
| FRONTLINE NATIONAL, LLC, | ) ) |
|       Defendant. | ) ) |

**COMPLAINT**

COMES NOW the Plaintiff, Donna Carroll ("Plaintiff" or "Carroll"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), and respectfully states the following as her Complaint against Defendant Frontline National, LLC ("Defendant" or "Frontline):

**NATURE OF CASE**

1. Plaintiff was employed by Frontline National, LLC as a Full-time Telephone Contact Tracer Registered Nurse II from September 24, 2020 until October 29, 2021. After Plaintiff successfully completed her Base Year Contract with Frontline, on or about August 31, 2021, she began performance of her obligations under the terms of an Option Year Contract. On or about October 13, 2021, however, a few hours after Plaintiff complained to Frontline - for the second time in two weeks - that she had worked more than the 40 work hours per week for which she was paid, Frontline wrongfully terminated her employment, effective October 29, 2021, in breach of the terms of her contract and in retaliation for her wage complaint.

2. This is a diversity action to remedy both Defendant's breach of Plaintiff's employment contract (a counterpart copy of which is attached hereto as *Exhibit A*) and

Defendant's retaliatory termination of Plaintiff's employment in violation of Virginia's Whistleblower Protection Act, Va. Code § 40.1-27.3.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states, Ohio and Virginia, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because it is a limited liability company that regularly conducts business within the Commonwealth of Virginia.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the unlawful employment practices and harm to property alleged herein were committed in Henrico County, Virginia, where Plaintiff lives, which is within the Eastern District of Virginia.

## PARTIES

6. From September 24, 2020 until October 29, 2021, Plaintiff was employed by Defendant, in Virginia, as a Full-time Telephone Contact Tracer Registered Nurse II. Plaintiff is a citizen of the United States and has resided, at all relevant times, in Henrico County, Virginia.

7. Defendant Frontline is an Ohio-based staffing firm that has, as its principal place of business, 502 TechneCenter Drive, Milford, Ohio, 45150. Upon information and belief, Defendant is not registered with the State Corporation Commission to do business in the Commonwealth of Virginia.

8. At all times relevant hereto, Defendant operated as Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d), and Plaintiff performed work on behalf of Defendant in the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

### A.  *Plaintiff's Employment Contract*

9. On or about September 23, 2020, Frontline delivered to Plaintiff an Employment Offer Letter (the "Offer Letter"), a signed counterpart copy of which is attached hereto and incorporated herein as *Exhibit A*.

10. In the Offer Letter, Frontline "confirm[ed its verbal] offer of employment and [Plaintiff's] acceptance" of that offer.

11. Pursuant to the terms of the Offer Letter, Plaintiff was scheduled to begin working on behalf of Frontline as a Full-Time Telephone Contract Tracer Registered Nurse II at the McDonald Army Health Center located at Fort Eustis, Virginia, "upon site and credential approval."

12. Pursuant to the terms of the Offer Letter, Frontline entered into a renewable one-year personal services contract with Plaintiff, the first year of which commenced on or about Plaintiff's first day of work and ended on or about August 31, 2021 (the "Base Year Contract").

13. "[A]s mutually agreed" upon by the parties, the Offer Letter also included a second, option year contract.

14. Pursuant to the terms of the Offer Letter, the parties' option year contract commenced when Plaintiff began performing work at Fort Eustis on behalf of Frontline on or about September 1, 2021 and endures until its termination date of August 31, 2022 (the "Option Year Contract").

15. Under the terms of the Offer Letter, Plaintiff was not an "at will" employee of Frontline; rather, Frontline employed her for two fixed, one-year contracts.

3

16. Under the terms of the Offer Letter, during the Option Year period, Plaintiff promised to work up to 1,920 hours in exchange for: (a) pay at the rate of $36.00 per hour worked; (b) ten (10) paid holidays; (c) ten (10) paid vacation days; and (d) medical, dental and life insurance benefits.

17. Although the Offer Letter contemplated the issuance of an addendum if Plaintiff's contract performance dates were to change, Plaintiff received no such addendum during her employment with Frontline.

18. On or about September 24, 2020, Plaintiff executed Frontline's Offer Letter, a counterpart copy of which is attached hereto as *Exhibit A*. Shortly thereafter, and upon information and belief, Chief Executive Officer Katherine Latham executed the Offer Letter on behalf of Frontline, thereby creating a valid and binding contract between the parties.

19. Plaintiff successfully completed the parties' Base Year Contract on or about August 31, 2021 and began performing under the terms of the second Option Year Contract on or about September 1, 2021.

### B.     *Defendant's Retaliation and Breach of Contract*

20. As an hourly wage Telephone Contract Tracer Registered Nurse II, Plaintiff was a non-exempt employee, meaning that she was eligible for overtime pay of one and one-half times her regular rate of pay for all hours worked over forty (40) per workweek. *See* Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter "FLSA").

21. On a few occasions during her employment, Frontline paid Plaintiff overtime wages for the hours she worked in excess of forty (40) in a workweek.

22. Notwithstanding Frontline's admonition that Plaintiff was not "authorized" to work overtime hours, Plaintiff's worksite supervisor regularly tasked her with ten- to eleven-

hour work days, for an estimated total of approximately fifty (50) to sixty (60) hours of work per week.

23. As Frontline knew or should have known from Plaintiff's various emails to Frontline's administrative staff, Plaintiff frequently worked from 7:30 a.m. until between 6:00 p.m. and 8:30 p.m., resulting in workweeks that regularly exceeded forty (40) hours and should have entitled her to overtime wages for those hours over 40 per work week, under the FLSA.

24. During the first week of October 2021, Plaintiff complained to Frontline's Recruiting Manager, Ms. Denise Kapsar ("Ms. Kapsar"), that Plaintiff's workload was excessive and she was regularly working more than 40 hours of work per week, which the parties knew exceeded both her contract commitment and the number of hours per week Frontline was paying her.

25. Plaintiff reiterated this complaint in an email to Ms. Kapsar on October 13, 2021, wherein she wrote: "As I stated last week, the workload is tremendous.  I am working over my 40 hours the entire contract and we still cannot keep up.  I also stated that to you last week.  I am concerned about the lack of response I am receiving from you . . . ."

26. Approximately two (2) hours after her email, and in retaliation for Plaintiff's complaints, Frontline wrongfully terminated Plaintiff's employment in direct violation of Virginia Code § 40.1-27.3, stating, "After reviewing your forwarded response, management instructed me to inform you that your last day will be Friday, October 29, 2021."

27. Pursuant to the terms of the Offer Letter, Frontline was only empowered to terminate Plaintiff's employment contract "if [Plaintiff's] work [was] not satisfactory or meeting the needs of [the Fort Eustis] facility."

28. At no time during her Option Year Contract did Plaintiff perform unsatisfactory work nor did she fail to meet the needs of the Fort Eustis facility. On the contrary, the Fort Eustis staff regularly praised Plaintiff for her extraordinary effort to meet the facility's overwhelming needs during the COVID-19 pandemic.

29. Defendant terminated Plaintiff's employment not because of the quality of work she performed but in retaliation for her complaints about being overworked and underpaid.

30. By terminating Plaintiff's employment for reasons other than unsatisfactory work performance, Frontline breached the terms of Plaintiff's Option Year Contract and, in so doing, proximately caused her significant financial harm.

31. As a result of Frontline's breach of Plaintiff's Option Year Contract, Plaintiff was deprived of approximately $61,920 in lost wages, which were promised to her under the terms of her fixed-year contract, from October 30, 2021 and August 31, 2022, plus interest.

32. Additionally, and as a direct result of Frontline's breach of Plaintiff's Option Year Contract, Plaintiff was deprived of a variety of employment benefits, including but not limited to health, dental and life insurance, causing the cancelation of her insurance benefits and significant, related out of pocket damages.

33. Finally, and as a direct result of Defendant's unlawful retaliation in violation of Virginia's Whistleblower Protection Act, Va. Code § 40.1-27.3, Plaintiff was compelled to retain the services of counsel, and she has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to her.

## COUNT I – BREACH OF CONTRACT

34. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. In its fully executed form, Defendant's Offer Letter, a counterpart copy of which is attached hereto as Exhibit A, is a valid and binding contract between the parties.

36. From September 1, 2021 through October 29, 2021, Plaintiff satisfactorily performed her obligations under the terms of the parties' Option Year contract.

37. On or about October 13, 2021, Defendant terminated Plaintiff's employment for reasons other than unsatisfactory work performance in breach of the terms of the parties' Option Year employment contract.

38. As a direct and proximate result of Defendant's breach of the parties' Option Year employment contract, Plaintiff has suffered damages, including lost wages and lost employment benefits, plus interest.

## COUNT II – WHISTLEBLOWER RETALIATION

39. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. The Virginia Fraud and Abuse Whistleblower Protection Act, Va. Code § 40.1-27.3, prohibits an employer from discharging or penalizing an employee, or taking any other retaliatory action regarding an employee's compensation, terms or privileges of employment because the employee in good faith reports a violation of any federal or state law or regulation to a supervisor.

41. On at least two occasions in October 2021, including October 13, 2021, Plaintiff complained to Frontline's Recruiting Manager, Ms. Kapsar, that Plaintiff was being required to work more than forty (40) hours per week, which Ms. Kapsar and Frontline knew or should have known was work for which Plaintiff was not paid overtime wages as required by the FLSA.

42. On October 13, 2021, just a few hours after Plaintiff complained that "the workload is tremendous" and "I am working over my 40 hours the entire contract" and "I am concerned about the lack of response I am receiving from you," Frontline retaliated against her by terminating her employment, effective October 29, 2021.

43. As a direct and proximate result of Frontline's unlawful and retaliatory termination of her employment, Plaintiff suffered damages in the form of lost wages, lost employment benefits, and the attorneys' fees and costs she has incurred in order to protect herself from Frontline's unlawful conduct.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendant on each of the above-stated Counts and award her the following relief:

a. Entry of a declaration that Defendant breached the terms of the parties' employment contract by terminating her, effective October 29, 2021, for reasons other than unsatisfactory performance;

b. Entry of a declaration that Defendant wrongfully terminated Plaintiff, in violation of Virginia Code § 40.1-27.3, in retaliation for her complaints about unpaid work she had performed;

c. An award of money damages for Plaintiff's lost wages and lost employment benefits;

d. An award of reasonable attorneys' fees and costs incurred in bringing this action;

e. An award of pre-judgment and post-judgment interest; and

f. An award of any and all further relief permitted by law and/or that the Court deems appropriate.

Respectfully,

DONNA CARROLL,

By Counsel


/s/ *NICHOLE BUCK VANDERSLICE*
Nichole Buck Vanderslice (VSB #42637)
*Email: nvanderslice@nbvlaw.com*
LAW OFC OF NICHOLE BUCK VANDERSLICE, PLLC
9019 Forest Hill Avenue, Suite 2C
Richmond, VA 23235
Telephone: 804.272.2920
*Counsel for Plaintiff Donna Carroll*